UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFERSON CHAVARRIA-
RIVERAS,

        Petitioner,

   v.                      Case No.:  2:26-cv-01648-SPC-NPM

IMMIGRATION AND CUSTOMS
ENFORCEMENT *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are Jefferson Chavarria-Riveras's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 17).

Chavarria-Riveras is a native and citizen of Nicaragua who entered the United States on April 2, 2022. The Department of Homeland Security briefly detained him, commenced removal proceedings, and released him into the country. Chavarria-Riveras has a pending asylum application, work authorization, a driver's license, and no criminal record. Immigration and Customs Enforcement ("ICE") arrested Chavarria-Riveras on November 18, 2025, while he was on his way to work. On December 1, 2025, Chavarria-Riveras filed this habeas action in the Southern District of Florida, arguing his detention violates the Immigration and Nationality Act, applicable bond regulations, and the Due Process Clause of the Fifth Amendment. The case

was recently transferred here because Chavarria-Riveras is detained in this district.

Chavarria-Riveras seeks immediate release from ICE custody because his detention is not reasonably related to a statutory purpose and thus violates the Fifth Amendment.  Alternatively, he argues he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  The Court ordered the government to respond to all allegations, grounds, and arguments, but the government only addressed Chavarria-Riveras's alternative claim for a bond hearing.  It argues Chavarria-Riveras's habeas petition is moot because an immigration judge conducted a bond hearing on April 2, 2026, and determined he lacked jurisdiction to release Chavarria-Riveras on bond.

The government's mootness argument is only partially correct. Chavarria-Riveras remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).  Chavarria-Riveras's alternative request for a bond hearing is the only part the case that is now moot.

Because Chavarria-Riveras's due process claim presents a live controversy, the Court must address it.  The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the

United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Immigration detention generally has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* (cleaned up).

The government's response does not identify any justification for Chavarria-Riveras's detention. The undisputed evidence shows that he has diligently sought legal status in this country by applying for asylum, and he obtained employment authorization, a driver's license, and gainful employment. The evidence likewise demonstrates that Chavarria-Riveras is not a danger to the community. He has no criminal record whatsoever.

In sum, Chavarria-Riveras made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Jefferson Chavarria-Riveras's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within 24 hours of this Order, the government shall release Chavarria-Riveras and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4